IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SONDRA L. KAY,<br><br>            Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | CASE NO. 5:26-CV-00527-CEF<br><br>JUDGE CHARLES E. FLEMING<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>**REPORT AND RECOMMENDATION TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**<br>[ECF #2] |

INTRODUCTION

Plaintiff Sondra L. Kay filed a Complaint challenging the Commissioner of Social Security's denial of disability insurance benefits (ECF #1) and an application to proceed in forma pauperis (IFP) (ECF #2). This matter was referred to me under Local Civil Rule 72.2 for preparation of a Report and Recommendation. (Non-document entry of Mar. 4, 2026). As detailed below, I recommend the application to proceed in forma pauperis be **DENIED** and Ms. Kay be required to pay the filing fee in full to proceed in this matter.[1]

BACKGROUND

On March 5, 2026, I ordered Ms. Kay to supplement her IFP application because it was both incomplete and internally inconsistent. (ECF #5). First, she did not provide complete responses to all the question on the application. For instance, she reported her average monthly income for the for the past twelve months but did not say whether she anticipates major changes in her projected future income. Second, her reported monthly income far exceeds her monthly expenses. Ms. Kay claims to receive an average of $550 per month in self-employment income, $34,000 per month in rental income, and $289 per month in public-assistance benefits for the past

---

[1]     I issue this Report and Recommendation pursuant to *Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990), which holds that denial of motion to proceed in forma pauperis is outside the scope of Magistrate Judge's authority because "denial of such a motion is the functional equivalent of an involuntary dismissal."

1

twelve months, for a total monthly income of $34,839. (ECF #2 at PageID 6-7). Although she purports to receive rental income, she does not claim to own assets that would generate such income. (*Id.* at PageID 8). Additionally, her reported expenses are $1,007, amounting to a surplus of $33,832 *per month.* In the space for applicants to provide "any other information that will help explain why [she] cannot pay the cost of these proceedings," she stated: "Unable to work – no income." (*Id.* at PageID 10). I ordered Ms. Kay to supplement her application to explain why she cannot pay the $405 filing fee given what appears to be significant surplus monthly income. (ECF #5). In the alternative, I indicated she could pay the filing fee in full. (*Id.*). I set a deadline of March 16, 2026, for her to comply. (*Id.*). Ms. Kay has not supplemented her application or paid the filing fee and the deadline to so do has expired.

LAW AND ANALYSIS

A plaintiff may proceed in forma pauperis if "the person is unable to pay such fees or give security" as required for a suit's filing. 28 U.S.C. § 1915(a)(1). In *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948), the Supreme Court set forth the legal standards governing applications to proceed in forma pauperis, noting that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id.* at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.* Courts evaluating applications to proceed in forma pauperis generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-cv-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

As described above, the application shows Ms. Kay has a net positive monthly income of more than $33,000. Financial ability to pay has been found, and thus pauper status denied, where income and assets exceed monthly expenses. *See, e.g., Gonzalez v. Comm'r of Soc. Sec.*, No. 1:18-cv-890, 2018 WL 11435256 (N.D. Ohio May 3, 2018); *Hasselback v. Comm'r of Soc. Sec.*, No. 3:17-

2

2017 WL 3032430 (E.D. Ky. July 14, 2017); *Boykin v. Comm'r of Soc. Sec.*, 1:17-cv-235, 2017 WL 1023795 (N.D. Ohio Mar. 16, 2017).

### CONCLUSION & RECOMMENDATION

For that reason, I recommend that Ms. Kay's application to proceed in forma pauperis (ECF #2) be **DENIED** and that she be required to pay the filing fee in full to proceed in this matter.

Dated: March 23, 2026

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE